UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WANDA HAMMAC | CIVIL ACTION |
| VERSUS | NO. 24-2647 |
| EVERSPAN INDEMNITY INSURANCE COMPANY ET AL. | SECTION: "J"(4) |

## ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 21)** filed by Defendant Everspan Indemnity Insurance Company. Defendants Total Package, LLC and Darren Harris collectively filed their opposition to the motion. (Rec. Doc. 30). Plaintiff Wanda Hammac filed a separate opposition. (Rec. Doc. 31). Having considered the motion, the memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from a car accident, but the instant dispute concerns conflicts of law. Louisiana resident Wanda Hammac was driving her minivan in Hammond, Louisiana when she encountered Mississippi resident Darren Harris driving a commercial truck owned by Mississippi company Total Package, LLC. Total Package had a commercial automobile policy (the "policy") with Everspan Insurance Company. This policy was negotiated and issued in Mississippi. Importantly, the policy contains an "Unscheduled Driver Exclusion" which provides that Maurice Howard is the only covered driver under the policy and that all other drivers are excluded. (Rec. Doc. 21-6, at 42).

1

Hammac and Harris were involved in a motor-vehicle accident and Hammac was allegedly injured. Hammac then sued Harris, Total Package, and Everspan in Louisiana state court. The case was then removed to federal court. Everspan now seeks summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When evaluating whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008) (citations omitted). The moving party bears the initial burden of demonstrating that there is no genuine dispute as to any material fact. *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. When the moving party meets this burden, the non-moving party "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little*, 37 F.3d

at 1075 (citing *Celotex*, 477 U.S. at 325). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with "conclusory allegations" or "unsubstantiated assertions." *Id.* (citations omitted). A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## DISCUSSION

Everspan argues that summary judgment should be granted because the policy's unscheduled driver exclusion clearly excludes coverage for Harris as an unscheduled driver. Everspan contends that Mississippi substantive law applies to this dispute and that under Mississippi law the exclusion provision is enforceable.

Harris, Total Package, and Hammac (collectively "the opposition") contend that Louisiana law applies to this dispute, and that under Louisiana law the driver exclusion provision is unenforceable.

This Court's jurisdiction over this matter is premised on diversity jurisdiction. When faced with a conflict of law issue, a federal court, sitting in diversity, is bound to apply the conflict of laws rules prevailing in the state in which the federal court sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941). Therefore, this Court must look to Louisiana conflicts of law rules to determine which state's law applies to this case.

As the Louisiana Supreme Court has articulated, the first step is to determine whether Louisiana's law differs from the law of the foreign state. *See Champagne v. Ward*, 893 So. 2d 773, 786 (La. 2005).

Under Mississippi law, a policyholder may exclude or limit liability insurance for a particular driver if "the exclusions and limitations language or form has been filed with and approved by the Commissioner of Insurance." Miss. Code Ann. § 63-15-3(j). However, under Louisiana law, a commercial policyholder may only exclude a named driver if they get and maintain another insurance policy for that excluded person, "which is equal to that coverage provided in the policy for which the person was excluded." La. R.S. § 32:900(B)(2)(d). Here the exclusions and limitations language has been filed with and approved by the commissioner of insurance, but Total Package did not maintain another policy for Harris. So, under Mississippi law the exclusion would be enforceable, but under Louisiana law the exclusion would be unenforceable. Accordingly, the Court finds a critical conflict between Louisiana and Mississippi insurance law.

To resolve this conflict, Louisiana courts rely on Louisiana Civil Code Articles 3515 and 3537. *See Champagne*, 893 So. 2d at 780–81. Article 3515 provides that:

> Except as otherwise provided in this Book, an issue in a case having contacts with other states is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.
>
> That state is determined by evaluating the strength and pertinence of the relevant policies of all involved states in the light of: (1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and of

minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state.

Article 3537 is the general conflicts of law provision for conventional obligations. The article provides in pertinent part:

Except as otherwise provided in this Title, an issue of conventional obligations is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue.

That state is determined by evaluating the strength and pertinence of the relevant policies of the involved states in the light of (1) the pertinent contacts of each state to the parties and the transaction, including the place of negotiation, formation, and performance of the contract, the location of the object of the contract, and the place of domicile, habitual residence, or business of the parties; (2) the nature, type, and purpose of the contract; and (3) the policies referred to in Article 3515, as well as the policies of facilitating the orderly planning of transactions, of promoting multistate commercial intercourse, and of protecting one party from undue imposition by the other.

Everspan argues that Mississippi's policy would be most seriously impaired if its laws were not applied. Everspan contends that Mississippi has a strong interest in enforcing and protecting the integrity of its contracts. In support of its position, Everspan relies on three Louisiana cases: (1) *Boutte v. Fireman's Fund Cnty. Mut. Ins. Co.*, 06-34 (La. App. 3 Cir. 05/10/06); 930 So. 2d 305 (2) *Champagne v. Ward*, 893 So. 2d 773, 780 (La. 2005) and (3) *Zuviceh v. Nationwide Ins. Co.*, 786 So. 2d 340, 346 (La. App. 1st Cir.) *writ denied*, 801 So. 2d 373 (La. 2001).

Total Package and Harris argue that Mississippi's interest in contract enforceability must yield when a "commercial vehicle crosses state lines" and allegedly harms a member of "Louisiana's traveling public." (Rec. Doc. 30, at 3). The

5

opposition contends that Louisiana has a substantial and compelling interest in protecting its citizens and ensuring that businesses that cross state lines and drive on its highways are financially responsible for the harm that they cause. The opposition also contend that *Boutte* controls the outcome of this case while *Champagne* and *Zuviceh* are distinguishable and non-controlling because both cases concerned uninsured motorist coverage. Lastly, Hammac notes that the policy contemplates interstate operations, which she argues shows that Everspan anticipated that Total Package would regularly operate outside of Mississippi.

The Court agrees with the opposition. In *Boutte*, a Louisiana resident was involved in a car accident with a commercial vehicle driven by Texas resident Juan Lara. 930 So. 2d at 307. The vehicle was leased by Texas resident Eva Bernal, who had a commercial insurance policy that was negotiated and issued in Texas. *Id.* at 308. The policy contained a named driver exclusion, which specifically excluded Lara as a driver under the policy. *Id.* The Court held that Louisiana law applied to the policy and that the named driver exclusion was unenforceable. *Id.* at 322 (explaining that "Louisiana has a more substantial interest in regulating awards to Louisiana citizens injured on Louisiana highways, then Texas has in this case in enforcing a temporary contract with a non-citizen of its state).

The relevant facts of this case are materially similar to that of *Boutte*. Like *Boutte*, this case involves a Louisiana plaintiff involved in an accident on a Louisiana road with an out-of-state defendant who has an out-of-state automobile insurance policy with a non-citizen insurer. Accordingly, *Boutte* persuades this Court to find

6

that Louisiana's policies would be more seriously impaired if its laws were not applied.

The Court also finds that *Champagne* and *Zuviceh* are factually distinguishable and non-persuasive. First, both *Champagne* and *Zuviceh* concerned Mississippi plaintiffs who were transitorily within Louisiana's borders at the time of the accident. 893 So. 2d at 775; 786 So. 2d at 342. Louisiana has a much stronger interest in protecting its own residents than those from out of state. Further, both cases concerned uninsured motorist coverage in the Mississippi plaintiff's own insurance policy. 893 So. 2d at 775; 786 So. 2d at 342. Under those circumstances, the state of policy issuance has a more compelling interest because the litigation focuses on a contractual dispute between an insurer and the state's own resident policyholder. Here, the driver exclusion seeks to circumvent Louisiana's compulsory automobile liability insurance law, which aims "not to protect the [policyholder] against liability but to provide compensation for persons injured by the operation of insured vehicles." *Boutte*, 930 So. 2d at 322. In other words, Louisiana's compulsory automobile liability insurance law aims to protect the victims of accidents, not the policyholders that cause their injuries. The Court find that Louisiana has a compelling interest in protecting its residents who were not privy to the out-of-state policyholder's insurance contract and thus should not suffer from its exclusions.

Further, the nature, type, and purpose of the policy support applying Louisiana law. The policy provides "commercial trucking automobile liability" coverage for an unlimited radius of operation. (Rec. Doc. 21-6, at 2, 8.)  It also includes an MCS-90

7

endorsement, which applies to interstate motor carriers. *Id.* at 38. The policy thus contemplates that Total Package would operate outside of Mississippi and engage in interstate travel. A commercial policy that contemplates interstate travel should be subject to the laws of the states in which it travels. The policy should be subject to Louisiana law for accidents occurring to Louisiana residents within its borders.

The Court finds that Louisiana's policies would be more substantially impaired than Mississippi's in the instant dispute.  Louisiana law thus applies to the coverage in this case, and the unscheduled driver exclusion which is against Louisiana policy is invalid and does not apply to exclude coverage. Everspan fails to prove that it is entitled to judgment as a matter of law. Its motion must be denied.

## <u>CONCLUSION</u>

Accordingly**,**

**IT IS HEREBY ORDERED** that Everspan Indemnity Insurance Company's *Motion for Summary Judgment* **(Rec. Doc. 21)** is **DENIED.**

 

 

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE